UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FRANCISCO GARCIA, § | |
| Individually and on behalf of all others § | |
| similarly situated, § | Docket No. |
| § | |
| *Plaintiff*, § | |
| § | JURY TRIAL DEMANDED |
| v. § | |
| § | COLLECTIVE ACTION |
| PRIMORIS SERVICES CORPORATION § | |
| AND SPS LIQUIDATION, LP F/K/A § | |
| SPRINT PIPELINE SERVICES, LP, § | PURSUANT TO 29 U.S.C. § 216(b) |
| § | |
| *Defendants*. § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Primoris Services Corporation ("PSC") and SPS Liquidation, LP f/k/a Sprint Pipeline Services, LP ("SPS") (collectively "Defendants") pay hourly employees a daily per diem and other allowances in addition to an hourly rate of pay. The per diem represents compensation that is primarily for the benefit and convenience of Defendants' hourly employees. As a result, the Fair Labor Standards Act ("FLSA") requires that this type of compensation be included in the calculation of the regular rate of pay for overtime purposes. Because the per diem and other allowances were not included in the regular rate of pay calculation, Defendants' hourly employees were not properly compensated at a proper overtime rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty hours in a single week. This collective action seeks to recover the additional overtime wages, liquidated damages, costs, and attorney fees owed to these workers.

## II.     JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Venue is proper in this judicial district and Court because Defendant SPS resides in this district.

5. Venue is proper in this judicial division and Court because Defendant SPS conducts business activities within this division.

6. Venue is proper in this judicial district and Court because Defendant PSC conducts business activities within this district.

7. Venue is proper in this judicial district and Court because all Defendants' businesses reside in Texas.

8. Venue is proper in this judicial district and division because a substantial part of the events and omissions giving rise to the claim occurred within this judicial district and division.

9. Plaintiff worked for Defendants within this judicial district and division.

10. Defendants failed to include per diems and other allowances into Plaintiff's regular rate of pay for all wages earned while working in this judicial district and division.

11. The Putative Class Members worked for Defendants within this judicial district and division.

12. Defendants failed to include per diems and other allowances into the Putative Class Member's regular rate of pay for all wages earned while working in this judicial district and division.

13. Therefore, this case should not be removed to any other judicial district or division.

### III. THE PARTIES

14. Francisco Garcia ("Garcia" or "Plaintiff") worked for Defendants as an hourly-employee during the relevant statutory time period. Plaintiff is a resident of this judicial district. His consent to be a party plaintiff has been attached hereto as Exhibit A.

15. The class of similarly situated employees ("Putative Class Members") consists of:

**ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY PRIMORIS SERVICES CORPORATION AND SPS LIQUIDATION, LP F/K/A SPRINT PIPELINE SERVICES, LP WITHIN THE PAST THREE YEARS AS HOURLY EMPLOYEES; AND (B) WHO WERE PAID A PER DIEM.**

16. Primoris Service Corporation is a Delaware corporation with its principal place of business in Dallas, Texas. PSC maintains significant business activities within the Southern District of Texas and the Corpus Christi Division. PSC may be served with process through its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

17. SPS Liquidation, LP f/k/a Sprint Pipeline Services, LP is a domestic limited partnership with its principal place of business in Rosharon, Texas. SPS maintains significant business activities within the Southern District of Texas and the Corpus Christi Division. SPS maintains offices in Rosharon, Victoria, Beaumont, Kaufman, and Fort Worth, Texas and Laurel, Mississippi. SPS may be served with process through its registered agent: Joseph B. Swinbank at 1010 County Road 59, Rosharon, Texas 77583.

18. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the

applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the workweek at issue in this case.

## IV. FACTS

19. PSC began as a pipeline construction service company in Bakersfield, California in 1946.[1] Over almost 70 years, PSC acquired many subsidiaries to become one of the largest construction service enterprises in the United States.[2]

20. Since December 2009, PSC more than doubled its size and the Company's national footprint extends from Florida, along the Gulf Coast, through California, into the Pacific Northwest and Canada.[3]

21. PSC now provides a wide range of construction, fabrication, maintenance, replacement, water and wastewater, and engineering services to major public utilities, petrochemical companies, energy companies, municipalities, and other customers.

22. PSC acquired SPS in 2012 for a total of 28 million dollars. SPS is a wholly-owned subsidiary of PSC.[4]

23. SPS is a pipeline contractor that focuses on construction, maintenance, operations, and project management services for the energy industry in the areas of natural gas transmission pipelines; natural gas distribution systems; refined petroleum products; petrochemical and crude pol pipelines; natural gas storage facilities (salt cavern and depleted reservoir); and liquids storage, process and manufacturing.[5]

24. Defendants work substantially within the Eagle Ford Shale.[6] The Eagle Ford

---

[1] http://www.primoriscorp.com/overview.html
[2] http://www.primoriscorp.com/index.html; http://www.primoriscorp.com/timeline.html
[3] *Id.*
[4] http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=656827
[5] http://www.sprintpipeline.com/about-us/
[6] http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=783399;
http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=754035;

Shale stretches across most of South Texas, including counties such as Bee, Live Oak, Duval, and Jim Wells.[7] Other impacted counties include Nueces and San Patricio.[8]

25. Plaintiff worked for Defendants within the relevant time period as an hourly employee who received a per diem, which was not included in the regular rate calculation for purposes of determining the required overtime rate pursuant to the FLSA.

26. The per diem and other allowances were intended to reimburse Plaintiff and all Putative Class Members for expenses normally incurred by an employee for his own benefit and convenience, such as lunch, rent, and other normal everyday expenses.

27. Because the per diem is not used to reimburse Plaintiff or the Putative Class Members for expenses incurred by an employee in the furtherance of the employer's interest or benefit, the per diem is actually a disguised wage.

28. The per diem should be included in the regular rate calculation for overtime purposes.

29. As such, Plaintiff and the Putative Class Members were not properly compensated at one-and-one-half times their regular rate – as defined by the FLSA – for all overtime worked in excess of forty hours in a single workweek.

### V. COVERAGE UNDER THE FLSA

30. At all times hereinafter mentioned, Defendants together have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=733554;
http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=706467;
http://investor.primoriscorp.com/releasedetail.cfm?ReleaseID=692850;
http://www.bizjournals.com/sanantonio/blog/2013/07/sprint-pipeline-services-lands-272.html
[7] http://eaglefordshale.com/maps/attachment/eagle-ford-shale-map-800x614-2/
[8] http://eaglefordshale.com/blog/how-long-will-the-eagle-ford-shale-boom-last/attachment/eagle-ford-shale-impact-map/

31. At all times hereinafter mentioned, Defendants together have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

32. At all times hereinafter mentioned, Defendants together have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

33. At all times hereinafter mentioned, Plaintiff and all those similarly situated Putative Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI. FLSA VIOLATIONS

34. During the relevant time period, Defendants have violated, and are violating, Section 7 of the FLSA by failing to include the per diem rate and any other allowances in the calculation of the regular rate of pay to determine the overtime rate. 29 U.S.C. § 207(e)(2) (As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee. . . .); *see also* 29 C.F.R. § 778.217(d) ("If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses,

the payment is not excluded from the regular rate as "reimbursement for expenses.""). As such, Defendants have failed to properly pay Plaintiff and the Putative Class Members overtime wages at one-and-one-half times their regular rate for all hours worked in excess of forty hours per workweek.

35. None of the exemptions or exclusions provided by the FLSA allow Defendants to ignore the amount of the per diem in calculating the regular rate of pay for overtime purposes when applicable.

36. Defendants knowingly, willfully, and in reckless disregard carried out the illegal pattern or practice of excluding the per diem and other allowances from the regular rate calculation for purposes of overtime. The decision by Defendants not to properly pay overtime compensation to hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to one-and-one-half their regular rate of pay – as defined within the FLSA - plus liquidated damages, attorney's fees, and costs.

### VII.   COLLECTIVE ACTION ALLEGATIONS

37. Numerous employees have been victimized by this pattern, practice, and policy, which are all in willful violation of the FLSA. Many of these employees have worked with Plaintiff and have reported that their hourly regular rate did not include the per diem for overtime purposes.

38. Plaintiff has actual knowledge that the Putative Class Members have been subject to the same or similar compensation scheme. Plaintiff worked with many individuals employed by Defendants and has personal knowledge that they were also paid a per diem and other allowances that were not considered part of the regular rate of pay for purposes of calculating overtime.

39. While the Putative Class Members job titles may differ, they are all victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of underlying pay provisions and employment practices.

40. All Putative Class Members receive a per diem reimbursement for expenses normally incurred by an employee for his or her own benefit, which is not considered by Defendants as part of the regular rate for purposes of calculating overtime.

41. Many Putative Class Members receive other allowances, including but not limited to truck pay or tool pay, which is not considered by Defendants as part of the regular rate for purposes of calculating overtime.

42. The Putative Class Members regularly work or have worked in excess of forty hours during a workweek.

43. The per diem and allowance practices do not fall within the few and narrow exclusions of the FLSA.

44. The Putative Class Members are similarly situated to Plaintiff in terms of pay structure and/or the denial of one-and-one-half their regular rate for all hours worked over forty in a week as required by the FLSA.

45. Defendants' failure to include the per diem and other allowances into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on the personal circumstances of the Putative Class Members.

46. Varying job specific titles or precise job responsibilities of each Putative Class Member does not prevent collective treatment.

47. All Putative Class Members, irrespective of their particular job titles or requirements, are entitled to overtime compensation at the minimum rate of one-and-one-half

times their regular rate of pay – as defined by the FLSA – for all hours worked in excess of forty hours in a single workweek.

48. Although the exact amount of damages may vary among Putative Class Members, the damages for the Putative Class Members can be easily calculated by a simple formula, because all hours worked by the Putative Class Members were recorded by a timekeeper.

49. The claims of all Putative Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants, which caused harm to all Putative Class Members.

50. In sum, Defendants' failure to include the per diems and other allowances into the Putative Class Members' regular rate of pay calculation for overtime purposes results from generally applicable, systematic policies and practices, which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

51. This Court should issue Notice to the Putative Class Members.

52. This Court should require the production of the Putative Class Members names, addresses, email addresses, and phone numbers to Plaintiff's counsel to administer Notice immediately.

### VIII.   JURY DEMANDED

53. Plaintiff hereby demands a trial by jury.

### IX.   RELIEF SOUGHT

54. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiff (and

        those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.      For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who have joined in the suit) their attorney fees and costs;

d.      For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

e.      For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.      For an Order granting any such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    Michael A. Josephson
    Fed. Id. 27157
    State Bar No. 24014780
    Andrew Dunlap
    Fed. Id. 1093163
    State Bar No. 24078444
    **FIBICH, LEEBRON, COPELAND**
    **BRIGGS & JOSEPHSON, L.L.P.**
    1150 Bissonnet Street
    Houston, Texas 77005
    713-751-0025 – Telephone
    713-751-0030 – Facsimile

    **AND**

    David T. Bright
    State Bar No. 02991490
    Federal Bar No. 8628
    **SICO, WHITE, HOELSCHER,**
    **HARRIS & BRAUGH, L.L.P.**
    802 N. Carancahua, Suite 900
    Corpus Christi, Texas 78401
    (361) 653-3300 Telephone
    (361) 653-3333 Telecopier

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**